UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
NATALIE ANGEL MCCOY,

                                Plaintiff,

      -against-

WEST END RESIDENCES HOUSING
DEVELOPMENT FUND COMPANY, INC. d/b/a
HOMEWARD NYC; SYPRESS RODRIGUEZ;
and LESLIE ANN MCCALL,
                          Defendants.
-------------------------------------------------------- X

Case No. 1:26-cv-01341-LLS

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

**BOYD RICHARDS PARKER & COLONNELLI, PL**
*Attorneys for Defendants*
Gizem Petrosino, Esq.
600 Third Avenue, Suite 2800
New York, New York 10007
Telephone: 212.400.0626
Email: gpetrosino@boydlawgroup.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL STANDARD ......................................................................................................... 2

ARGUMENT ...................................................................................................................... 3

POINT I ........................................................................................................................... 3

THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS
TO STATE A COGNIZABLE CAUSE OF ACTION ........................................................... 3

POINT II .......................................................................................................................... 4

PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 ................................. 4

A. Homeward NYC Is Not a State Actor ....................................................................... 5

B. Plaintiff Fails to Allege Municipal or *Monell*-Type Liability ................................. 6

C. Plaintiff Fails to Allege Deprivation of a Constitutionally Protected Right ............. 7

D. Plaintiff Fails to Allege Personal Involvement by Individual Defendants ............... 8

POINT III ........................................................................................................................ 9

PLAINTIFF FAILS TO STATE A COGNIZABLE RETALIATION CLAIM ...................... 9

A.    Plaintiff Fails to Allege Any Protected Activity ................................................ 9

B.    Plaintiff Fails to Allege Any Materially Adverse Action ................................ 10

C.    Plaintiff Fails to Allege a Plausible Causal Connection .................................. 11

D.    Plaintiff's Allegations Reflect Routine Administrative Conduct, Not Retaliation 11

POINT IV ...................................................................................................................... 11

TO THE EXTENT PLAINTIFF SEEKS TO ASSERT CLAIMS ON BEHALF OF HER
MINOR CHILD, THOSE CLAIMS MUST BE DISMISSED ........................................... 11

POINT V ........................................................................................................................ 12

PLAINTIFF'S REQUESTS FOR INJUNCTIVE AND DECLARATORY RELIEF MUST
BE DISMISSED AS MOOT ............................................................................................ 12

POINT VI ...................................................................................................................... 13

PLAINTIFF'S DAMAGES CLAIMS ARE UNSUPPORTED ......................................... 13

CONCLUSION ................................................................................................................ 15

CERTIFICATE OF COMPLIANCE .................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Rikers Island*,
  2026 U.S. Dist. LEXIS 54431 (S.D.N.Y. Mar. 9, 2026) ...........................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................2,7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................2,7

*Booker v. Griffin*,
  2018 U.S. Dist. LEXIS 215097 (S.D.N.Y. Dec. 21, 2018) .....................................................12

*Burks v. Yetman*,
  1992 U.S. Dist. LEXIS 7610 (N.D.N.Y. May 18, 1992) ...........................................................4

*Calderon v. City of New York*,
  2025 U.S. Dist. LEXIS 130554 (S.D.N.Y. Jun. 6, 2025) ..........................................................7

*Corvetti v. Town of Lake Pleasant*,
  146 A.D.3d 1118 (3d Dept 2017) ............................................................................................8

*Davis v. Goord*,
  320 F.3d 346 (2d Cir. 2003).....................................................................................................11

*Dickerson v. BPP PCV Owners LLC*,
  2022 U.S. Dist. LEXIS 176675 (S.D.N.Y. Sept. 28, 2022) ......................................................9

*Duncan v. Sullivan Cty.*,
  2020 U.S. Dist. LEXIS 36010 (S.D.N.Y. Mar. 2, 2020) ...........................................................7

*Fabrikant v. French.*
  2022 U.S. Dist. LEXIS 220888 (E.D.N.Y. Dec. 7, 2022) .........................................................6

*Gibeau v. Nellis*,
  18 F.3d 107 (2d Cir. 1994)......................................................................................................13

*Giordani v. United States DOJ*,
  2022 U.S. Dist. LEXIS 220888 (E.D.N.Y. Dec. 7, 2022) .........................................................7

*Grinols v. Beers*,
  532 F. Supp. 3d 95 (W.D.N.Y. Apr. 5, 2021) ...........................................................................5

*L.A. v. Lyons,*
  461 U.S. 95 (1983)...................................................................................................................13

*Lee v. Edwards,*
442 F.3d 101 (2d Cir. 2006).................................................................................14

*Lindsey v. Normet*,
  405 U.S. 56 (1972) ...........................................................................................7

*M.Q. v. United States*,
  776 F. Supp 3d 180 (S.D.N.Y. Mar. 31, 2025) ........................................11

*Marcavage v. City of New York,*
  689 F.3d 98 (2d Cir. 2012) ............................................................................13

*McTague v. Chase Bank*,
  2024 U.S. Dist. LEXIS 165060 (S.D.N.Y. Sep. 13, 2024) ......................3

*Megginson v. Bridge, Inc.*,
  2021 U.S. Dist. LEXIS 244475 (S.D.N.Y. Dec. 22, 2021) ......................6

*Milan v. Wertheimer*,
  808 F.3d 961 (2d Cir. 2015) .......................................................................4, 5

*Monell v. New York City Dep't of Social Servs.*,
  436 U.S. 658 (1978) .........................................................................................6

*Murray v. New York City Dep't of Corr.*,
  2016 U.S. Dist. LEXIS 110982 (E.D.N.Y. Aug. 18, 2016) ......................5

*Muzumala v. City of New York*,
  2023 U.S. Dist. LEXIS 30721 (S.D.N.Y. Feb. 21, 2023) .......................7

*Ortiz v. Stamback*,
  137 F. 4th 48 (2d. Cir. 2025) ........................................................................14

*Sexton v. Dep't of Homeless Servs.*,
  2025 U.S. Dist. LEXIS 88444 (S.D.N.Y. May 7, 2025) ...........................5

*Soberanis v. City of New York*,
  244 F. Supp. 3d 395 (S.D.N.Y. Mar. 23, 2017) .......................................4

*Solomon v. Tex. Woman's Univ.*,
  2026 U.S. Dist. LEXIS 112311 (S.D.N.Y. Apr. 9, 2026) ........................3

*Step by Step, Inc. v. City of Ogdensburg*,
  176 F. Supp. 3d 112 (N.D.N.Y. Apr. 5, 2016) .........................................9

*Stone v. Eamer*,
  2018 U.S. Dist. LEXIS 8672 (E.D.N.Y. Jan. 19, 2018) ..........................8

*Tindall v. Poultney High Sch. Dist.*,
  414 F.3d 281 (2d Cir. 2005) .........................................................................12

*United States v. Int'l Bhd. of Teamsters*,
  941 F.2d 1292 (2d Cir. 1991) ..................................................................................5

*Vincent v. Yelich*,
  486 F. Supp. 3d 650 (W.D.N.Y. Sep. 15, 2020) ........................................................4

*Wallace v. Suffolk Cty. Police Dep't*,
  809 F. Supp. 2d 73 (E.D.N.Y Aug. 15, 2011) ........................................................13

*Williams v. Smith*,
  781 F.2d 319 (2d Cir. 1986) ..............................................................................8, 9

*Winter v. NRDC, Inc.*,
  555 U.S. 7 (2008) ...............................................................................................12

**Statutes**

42 U.S.C. § 1983 ....................................................................2, 4, 5, 6, 7, 8, 9, 13

**Rules**

Federal Rule of Civil Procedure 12 (b)(6) ...............................................1, 2, 11, 12, 15

Federal Rules of Civil Procedure 8(a)(2) .................................................... 2, 3, 12, 15

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants, West End Residences Housing Development Fund Company, Inc. d/b/a Homeward NYC ("Homeward NYC"), Richard (Sypress) Rodriguez[1] ("Rodriguez"), and Leslie Ann McCalla[2] ("McCalla") (collectively, "Defendants"), in support of their motion to dismiss the amended complaint filed on March 26, 2026 (the "Amended Complaint") by plaintiff Natalie Angel McCoy ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Amended Complaint alleges violations of her Fourteenth Amendment rights, retaliation, and emotional distress arising from her participation in New York City's Department of Homeless Services ("DHS") administered emergency housing services. Although couched in constitutional terms, the Amended Complaint challenges routine administrative procedures governing shelter intake, eligibility verification, and recertification processes while Plaintiff continued to receive emergency housing services throughout the relevant period.

Critically, Plaintiff does not allege that she was denied shelter, removed from housing, terminated from services, or deprived of any housing benefit. Nor does she allege facts showing discriminatory treatment, punitive action, or any materially adverse change in her housing status. Instead, the Amended Complaint is based on allegations concerning the implementation of standard DHS paperwork requirements and periodic recertification procedures applicable to shelter residents.

---

[1] Defendant, Sypress Rodriguez, was incorrectly named in the Amended Complaint. The defendant's correct legal name is Richard Rodriguez.

[2] Defendant, Leslie Ann McCall, was incorrectly named in the Amended Complaint. The defendant's correct legal last name is McCalla.

1

As will be discussed below, the Amended Complaint must be dismissed in its entirety because: (i) it fails to plead a cognizable legal theory or sufficient factual matter to satisfy Federal Rules of Civil Procedure 8 and 12(b)(6); (ii) even if construed liberally, Plaintiff's § 1983 claims fail because Homeward NYC is a private nonprofit entity[3] that does not qualify as a state actor and Plaintiff has failed to allege the deprivation of a constitutionally protected right; (iii) Plaintiff fails to state a retaliation claim because she does not allege protected activity, materially adverse action, or a causal connection between the two; (iv) to the extent Plaintiff seeks to assert claims and recover damages on behalf of her minor child, those claims must be dismissed, as a non-lawyer parent may not prosecute federal claims on behalf of a minor child; and, finally (v) Plaintiff's request for compensatory damages, punitive damages, and injunctive and declaratory relief are unsupported and must be dismissed. Accordingly, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety.

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id*. A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id*. (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *Fed. R. Civ. P. 8(a)(2)*. "These same standards apply to motions

---

[3] *See* https://homeward.nyc/; https://homeward.nyc/annual-reports/

2

to dismiss complaints filed by pro se plaintiffs." *Solomon v. Tex. Woman's Univ.*, 2026 U.S. Dist. LEXIS 112311 at *7 (S.D.N.Y. Apr. 9, 2026).

## ARGUMENT

### POINT I

**THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A COGNIZABLE CAUSE OF ACTION**

As a threshold matter, the Amended Complaint fails to clearly identify any cognizable cause of action or plausible legal theory entitling Plaintiff to relief. Although Plaintiff references the Fourteenth Amendment and uses the term "retaliation," the pleading does not clearly articulate any statutory basis for relief, nor does it allege facts sufficient to satisfy the pleading standards of Federal Rules of Civil Procedure 8(a) and 12(b)(6).

Although *pro se* pleadings are construed liberally, they must still contain sufficient factual allegations to state a plausible claim for relief. *See McTague v. Chase Bank*, 2024 U.S. Dist. LEXIS 165060 at *3 (S.D.N.Y. Sep. 13, 2024).

Here, Plaintiff alleges in conclusory terms that Defendants violated her "constitutional rights" and engaged in "retaliation," but does not identify the specific legal framework under which those claims arise, nor does she plead facts supporting the essential elements of any viable claim. Instead, the Amended Complaint describes dissatisfaction with administrative shelter procedures, including requests to complete DHS paperwork and participate in routine eligibility recertification cycles.

Even construed liberally, the pleading does not state a cognizable claim because it lacks the fundamental components required under Rule 8: (i) a clearly identified legal theory; and (ii) non-conclusory factual allegations that, if accepted as true, would establish entitlement to relief. Courts in this Circuit routinely dismiss complaints where, as here, a plaintiff asserts generalized

constitutional violations without linking them to specific statutory or doctrinal elements or pleading supporting facts. *See Andrews v. Rikers Island*, 2026 U.S. Dist. LEXIS 54431 at *7 (S.D.N.Y. Mar. 9, 2026); *Burks v. Yetman*, 1992 U.S. Dist. LEXIS 7610 at *5-6 (N.D.N.Y. May 18, 1992).

At most, Plaintiff's allegations reflect a disagreement with the manner in which DHS-administered shelter procedures were implemented. Such disagreement, without more, does not give rise to a federal cause of action.

Accordingly, because the Amended Complaint fails to plead any cognizable legal theory or sufficient factual content to state a plausible claim for relief, it must be dismissed in its entirety under Rules 8 and 12(b)(6).

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Construing the Amended Complaint liberally, Plaintiff appears to assert a constitutional claim pursuant to 42 U.S.C. § 1983 based on alleged violations of the Fourteenth Amendment. Section 1983 "does not create any federal rights; rather, it provides a mechanism to enforce rights established elsewhere." *Soberanis v. City of New York*, 244 F. Supp. 3d 395, 400 (S.D.N.Y. Mar. 23, 2017) (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002)). To state a claim under § 1983, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal citation omitted). The Amended Complaint fails to plausibly allege either element. Additionally, "[i]n order for a defendant to be held individually liable in an action under Section 1983, the plaintiff must show that the defendant was personally involved in

4

the alleged deprivation." *Vincent* v. *Yelich,* 486 F. Supp. 3d 650, 654 (W.D.N.Y. Sep. 15, 2020); *see also* *Grinols* v. *Beers,* 532 F. Supp. 3d 95, 106 (W.D.N.Y. Apr. 5, 2021). The Amended Complaint fails to plausibly allege any of these required elements.

### A. Homeward NYC Is Not a State Actor

Only "state actors" may be held liable for constitutional wrongs under § 1983. *See* *Milan*, 808 F.3d at 964; *see also* *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'") (internal citation omitted).

Homeward NYC is a private nonprofit entity operating a shelter pursuant to contract with DHS. The Amended Complaint relies primarily on that contractual relationship to allege state action. *See* Am. Compl. at 5. However, courts have consistently held that the provision of homeless services by a private organization, even under contract with the state or subject to governmental regulation, does not by itself transform the organization or its employees into state actors. *See* *Sexton v. Dep't of Homeless Servs.*, 2025 U.S. Dist. LEXIS 88444 at *21 (S.D.N.Y. May 7, 2025) ("'[t]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors.'") (internal citation omitted). Likewise, "transitional housing facilities, and the employees who work for them are not considered state actors under section 1983", even where New York City or state agencies regulate the facilities or contract with them to provide services. *Murray v. New York City Dep't of Corr.*, 2016 U.S. Dist. LEXIS 110982 at *29-30 (E.D.N.Y. Aug. 18, 2016).

Furthermore, "[t]he activity of a private entity can be attributed to the state in three situations: (1) where the entity acts using the coercive power of the state or is controlled by the state (the 'compulsion test'); (2) where the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the 'joint action' or 'close nexus' test); or (3) where the state has delegated a public function to the entity (the 'public function' test)." *Megginson v. Bridge, Inc.*, 2021 U.S. Dist. LEXIS 244475 at \*5 (S.D.N.Y. Dec. 22, 2021) (*citing Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

The Amended Complaint does not allege facts plausibly satisfying any of these tests. It does not allege that DHS compelled the challenged conduct, that DHS was a joint participant in the alleged acts, or that Homeward NYC performed a function exclusively reserved to the state in a manner giving rise to constitutional liability. Instead, Plaintiff relies solely on the existence of a DHS contract and generalized assertions that the shelter "performs DHS functions," which is insufficient as a matter of law. *See* Am. Compl. at 5 ("Because the shelter performs DHS functions, Homeward NYC and its staff acted as government employees for purposes of this case."). These allegations are insufficient to establish state action under any of the recognized tests. Accordingly, Plaintiff's § 1983 constitutional claim fails on this point alone.

**B. Plaintiff Fails to Allege Municipal or *Monell*-Type Liability**

Even if Homeward NYC were deemed a state actor (which it is not), Plaintiff fails to plead a basis for entity liability. A municipal or quasi-governmental entity cannot be held liable under § 1983 solely because it employs an individual alleged to have committed wrongdoing. *See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 694 (1978). Rather, a plaintiff must identify a policy, custom, practice, or decision by a final policymaker that caused the alleged constitutional

6

violation. *See Giordani v. United States DOJ*, 2022 U.S. Dist. LEXIS 220888 at *18–19 (E.D.N.Y. Dec. 7, 2022).

Here, Plaintiff alleges only that Homeward NYC "allowed its staff to act together to pressure me, retaliate against me, and deprive me of fair and lawful treatment in the administration of DHS services." *See* Am. Compl. at 6. This allegation, devoid of any reference to an identifiable policy, widespread custom, or decision by a final policymaker, is precisely the type of conclusory assertion that *Iqbal* and *Twombly* prohibit. *See Iqbal* and *Twombly, supra.* At most, Plaintiff describes an isolated dispute concerning her own shelter intake and recertification process. Such allegations are insufficient to state a *Monell* claim as a matter of law.

### C. Plaintiff Fails to Allege Deprivation of a Constitutionally Protected Right

Even assuming state action, Plaintiff fails to allege deprivation of any constitutionally protected interest. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." *US Const. amend. XIV,§ I*. Under Section 1983 "a plaintiff must demonstrate that she 'possessed a protected liberty or property interest, and that [s]he was deprived of that interest without due process.'" *Duncan v. Sullivan Cty.,* 2020 U.S. Dist. LEXIS 36010 at *23 (S.D.N.Y. Mar. 2, 2020) *(quoting McMenemy v. City of Rochester,* 241 F.3d 279, 285-86 (2d Cir. 2001)).

As a threshold matter, "there is no federal constitutional right to housing, including in a shelter system." *Muzumala v. City of New York,* 2023 U.S. Dist. LEXIS 30721 at *10 (S.D.N.Y. Feb. 21, 2023). "There similarly is no right under the U.S. Constitution to housing benefits or to assistance with obtaining housing." *Calderon v. City of New York,* 2025 U.S. Dist. LEXIS 130554 at *17 (S.D.N.Y. Jun. 6, 2025); *see also generally Lindsey v. Normet,* 405 U.S. 56, 74 (1972).

Plaintiff does not allege that she was denied shelter, removed from the shelter, had funds confiscated, was denied a hearing, or was otherwise deprived of a protected liberty or property interest. To the contrary, the Amended Complaint affirmatively states that Plaintiff remained at the Homeward NYC shelter following her refusal to sign the form and continued to receive shelter. *See* Am. Compl. at 5. At most, Plaintiff alleges that she was required to complete paperwork and participate in routine eligibility reviews. Such administrative procedures do not constitute a deprivation under the Fourteenth Amendment. On these facts, Plaintiff has not plausibly alleged the deprivation of a constitutionally protected liberty or property interest.

### D. Plaintiff Fails to Allege Personal Involvement by Individual Defendants

Plaintiff also fails to plead the personal involvement of the individual defendants, as required for § 1983 liability. "A valid claim under § 1983 requires a showing of personal involvement by the defendant in the alleged constitutional deprivation." *Stone v. Eamer*, 2018 U.S. Dist. LEXIS 8672 at *16 (E.D.N.Y. Jan. 19, 2018) (*citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

A plaintiff must allege particular facts indicating that each of the individual defendants was personally involved in the deprivation of the plaintiff's constitutional rights. *See Corvetti v. Town of Lake Pleasant*, 146 A.D.3d 1118, 1126 (3d Dept 2017). Mere bald assertions do not suffice. *Id*. Furthermore, a supervisory official is considered personally involved only if that official directly participated in the infraction. *See Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). "[H]e or she [must have] created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue." *Id*.

Here, with respect to Rodriguez, Plaintiff alleges that he "pressured" her, "acted hostile toward" her, and "implied that [her] shelter placement could be at risk" if she did not sign the form.

8

*See* Am. Compl. at 5. With respect to McCalla, Plaintiff alleges that she "failed to stop the coercive and retaliatory conduct" and "allowed staff to continue pressuring [Plaintiff] to sign the form." *Id.* at 6. These allegations are conclusory and do not identify specific actions, decisions, or communications constituting personal participation in any constitutional deprivation. Additionally, the assertion that McCalla "failed to stop" alleged conduct and "allowed" the purported pressure and temporary-placement cycle to continue does not demonstrate that she created or maintained an unconstitutional policy or was otherwise personally involved in any constitutional deprivation. *See Williams*, 781 F.2d at 323–24. Accordingly, the Amended Complaint fails to state a § 1983 claim against the individual defendants.

### POINT III

### PLAINTIFF FAILS TO STATE A COGNIZABLE RETALIATION CLAIM

Although the Amended Complaint repeatedly invokes the term "retaliation," it fails to allege facts sufficient to state a plausible retaliation claim under any applicable federal framework, including the Fair Housing Act or constitutional retaliation doctrine.

To the extent the Amended Complaint can be construed as asserting a retaliation claim under the Fair Housing Act ("FHA"), courts have held that homeless shelters constitute "dwellings" within the meaning of the FHA and are therefore subject to its provisions. *See Step by Step, Inc. v. City of Ogdensburg*, 176 F. Supp. 3d 112, 126 (N.D.N.Y. Apr. 5, 2016). "To prevail on a claim of retaliation under the FHA, a plaintiff must establish: (1) that she engaged in protected activity by opposing conduct prohibited under the FHA; (2) that the defendant was aware of the protected activity; (3) that the defendant subsequently took adverse action against the plaintiff; and (4) that there is a causal connection between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse action." *Dickerson v. BPP PCV Owners LLC*, 2022

9

U.S. Dist. LEXIS 176675 at *14 (S.D.N.Y. Sept. 28, 2022) (citation omitted). The Amended Complaint fails at each required element.

### A. Plaintiff Fails to Allege Any Protected Activity

As a threshold matter, Plaintiff does not plausibly allege that she engaged in any protected activity. Plaintiff alleges that after she refused to sign the "Request for Voluntary Direct Payment for Emergency Housing" form she was retaliated against, her transition to temporary housing assistance was delayed, and she was required to reapply for emergency housing every ten days[4]. *See* Am. Compl. at 5. Even accepting Plaintiff's allegations as true, the Amended Complaint does not plausibly allege that her refusal to complete or sign administrative paperwork related to shelter intake or DHS eligibility processing amount to protected activity under the Fair Housing Act or the governing constitutional retaliation standards. Plaintiff does not allege that she opposed discriminatory housing practices, complained of unlawful conduct, or engaged in any activity protected by statute or the Constitution. Accordingly, the retaliation claim fails at the first element.

### B. Plaintiff Fails to Allege Any Materially Adverse Action

Even if Plaintiff had alleged protected activity (which she has not), the Amended Complaint fails to allege a materially adverse action. Plaintiff asserts that she was subject to repeated recertification cycles and required to complete DHS-related administrative forms. *See* Am. Compl. at 5–6. These allegations, at most, describe routine shelter administration procedures applicable to residents within the DHS system. To qualify as materially adverse, the alleged conduct must be sufficient to deter a reasonable person from engaging in protected activity. *See*

---

[4] Plaintiff's allegation that she was required to reapply for emergency housing every ten days concerns DHS's eligibility-review process, not Homeward NYC's. DHS assigns a temporary shelter placement for up to 10 days while it investigates the information provided by the dividual(s) and determines eligibility. *See Families with Children: Applying for Temporary Housing Assistance,* N.Y.C. Dep't of Homeless Servs., https://www.nyc.gov/site/dhs/sbelter/families/families-with-children-applying.page (last visited June 24, 2026).

*M.Q. v. United States*, 776 F. Supp 3d 180, 193 (S.D.N.Y. Mar. 31, 2025) (*quoting Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) ("An adverse action is 'retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.'").

Here, Plaintiff alleges only routine administrative requirements and does not allege she was removed from shelter, denied housing, or otherwise deprived of services. To the contrary, she alleges she remained in shelter and continued receiving emergency housing services throughout the relevant period. *See* Am. Compl. at 5–6. Accordingly, Plaintiff fails to plead the adverse action element.

### C. Plaintiff Fails to Allege a Plausible Causal Connection

Plaintiff also fails to allege facts supporting a causal connection between any alleged protected activity and any adverse action. The Amended Complaint contains no factual allegations suggesting retaliatory intent, temporal proximity sufficient to support inference of causation, or differential treatment compared to similarly situated shelter residents. Instead, the allegations describe the routine application of DHS recertification and intake procedures, which are inherently time-bound administrative processes. Such allegations, without more, do not plausibly support an inference of retaliatory motive.

### D. Plaintiff's Allegations Reflect Routine Administrative Conduct, Not Retaliation

At its core, Plaintiff's retaliation theory rests on her disagreement with the implementation of standard DHS shelter procedures, including intake documentation and periodic eligibility review cycles. Even when construed in the light most favorable to Plaintiff, these allegations describe ordinary administrative enforcement of housing eligibility requirements, not retaliatory

or punitive conduct. The Amended Complaint therefore fails to state a plausible retaliation claim under Rule 12(b)(6).

## POINT IV

### TO THE EXTENT PLAINTIFF SEEKS TO ASSERT CLAIMS ON BEHALF OF HER MINOR CHILD, THOSE CLAIMS MUST BE DISMISSED

The Amended Complaint repeatedly references harm suffered by both Plaintiff and her "minor child," and seeks compensatory damages for "instability, fear, and emotional harm to me and my minor child." *See* Am. Compl. at 5. To the extent Plaintiff seeks to recover damages on behalf of her minor child, those claims must be dismissed. As a general rule, a non-lawyer parent may not prosecute federal claims on behalf of a minor child. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("[i]t is thus a well-established general rule…that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."). Plaintiff's minor child is not named as a party in the Amended Complaint, and Plaintiff is proceeding *pro se*. Any claims purportedly asserted on the minor child's behalf must therefore be dismissed.

## POINT V

### PLAINTIFF'S REQUESTS FOR INJUNCTIVE AND DECLARATORY RELIEF MUST BE DISMISSED AS MOOT

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). "[A] party seeking a preliminary injunction "must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Booker v. Griffin,* 2018 U.S. Dist. LEXIS 215097 at *3-4 (S.D.N.Y. Dec. 21, 2018) (*quoting*

12

*Mullins v. City of New York,* 626 F.3d 47, 52-53 (2d Cir. 2010)). Additionally, for a court to order declaratory relief, there must be an actual controversy of "sufficient immediacy and reality." *L.A. v. Lyons,* 461 U.S. 95, 104 (1983). This requires a "real and immediate threat" that the plaintiff will sustain his injury again. *Id.* at 110. As with injunctive relief, "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Id.* Courts evaluate whether a plaintiff has standing to seek declaratory relief by applying the same rubric governing standing to seek injunctive relief. *See Marcavage v. City of New York,* 689 F.3d 98, 103 (2d Cir. 2012) (dismissing both injunctive and declaratory relief claims because the plaintiffs had "not demonstrated a certainly impending future injury").

Here, the Amended Complaint does not allege that Plaintiff continues to reside at the Homeward NYC shelter or that she remains subject to any ongoing Homeward NYC shelter policy or procedure. Significantly, Plaintiff's most recent filings confirm that she is currently residing in Nevada. *See* [ECF Nos. 18 and 19 at page 1]. Absent an ongoing controversy or a real and immediate threat of future injury, Plaintiff lacks standing to seek prospective relief. Her requests for injunctive and declaratory relief are therefore moot and must be dismissed.

## POINT VI

### PLAINTIFF'S DAMAGES CLAIMS ARE UNSUPPORTED

The Amended Complaint seeks compensatory damages in the amount of $6,000,000, punitive damages against the individual defendants, and nominal damages. *See* Am. Compl. at 6. These requests are unsupported by the allegations in the Amended Complaint.

"To recover compensatory damages under § 1983, a plaintiff must prove that her injuries were proximately caused by a constitutional violation." *See Wallace v. Suffolk Cty. Police Dep't,* 809 F. Supp. 2d 73, 80 (E.D.N.Y Aug. 15, 2011) (*quoting Gibeau v. Nellis*, 18 F.3d 107, 110 (2d

13

Cir. 1994)). The Amended Complaint's damages request rests entirely on alleged emotional distress, fear, and instability arising from shelter intake and eligibility procedures. *See* Am. Compl. at 6. However, the Amended Complaint does not clearly identify a constitutional violation that proximately caused a concrete, non-speculative injury beyond dissatisfaction with routine shelter administration. *See Wallace,* 809 F. Supp 2d at 81 *(quoting 36 N.Y. Jur. 2d Damages § 17)* (the "damages recoverable ... cannot be contingent, uncertain, or speculative ... the plaintiff has [to have] sustained an actionable injury as the direct result of the defendant's wrongful act..."). To the extent Plaintiff seeks recovery for emotional distress, the Amended Complaint largely states the injury in conclusory terms and does not allege facts showing a direct causal link between any specific unconstitutional act and a quantifiable compensable harm. Accordingly, because the Amended Complaint fails to identify a cognizable constitutional violation or plausible causal link to any non-speculative injury, the compensatory damages request is unsupported.

"Punitive damages are available in a [Section] 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Ortiz v. Stamback*, 137 F. 4th 48, 70 (2d. Cir. 2025) (*quoting Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996)) (internal citations omitted). "To be entitled to an award of punitive damages, a claimant must show 'a positive element of conscious wrongdoing.'" *Id*. (*quoting New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 121 (2d Cir. 2006)) (internal citations omitted). As stated above, the Amended Complaint describes pressure to sign an administrative form and disputes over eligibility procedures — it does not plead facts suggesting conscious wrongdoing, deliberate malice, or reckless indifference to Plaintiff's federally protected rights. Accordingly, the punitive damages request is similarly unsupported and must also be dismissed.

14

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court grant their

motion to dismiss the Amended Complaint in its entirety, with prejudice, pursuant to Federal

Rule of Civil Procedure 12(b)(6).

Dated: New York, New York
       June 29, 2026

**BOYD RICHARDS PARKER & COLONNELLI, P.L**
*Attorneys for Defendants*

 */s/ Gizem Petrosino*
Gizem Petrosino, Esq.
600 Third Avenue, Suite 2800
New York, New York 10016
(212) 400-0626
gpetrosino@boydlawgroup.com

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 4,236 words.

                                                    */s/ Gizem Petrosino*
                                                    Gizem Petrosino, Esq.

16