UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIE ANGEL MCCOY,

Plaintiff,

-v.-

WEST END RESIDENCES HOUSING DEVELOPMENT FUND COMPANY, INC.; SYPRESS RODRIGUEZ; and LESLIE ANN MCCALL,

Defendants.

26 Civ. 1341 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On August 20, 2026, the Court issued an Order to Show Cause ("OTSC"), ordering Ms. McCoy to explain in writing why this case should not be dismissed for failure to prosecute and to comply with Court orders. (Dkt. #28). To date, neither the Court nor Defendants have received any communication from Ms. McCoy. Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders.

On February 15, 2026, Ms. McCoy filed her initial complaint against Defendant West End Residences Housing Development Fund Company, Inc. (Dkt. #2). On March 26, 2026, Ms. McCoy filed the Amended Complaint, adding Defendants Sypress Rodriguez and Leslie Ann McCall. (Dkt. #9). On July 10, 2026, the Court ordered the parties to appear for a telephone conference regarding Defendants' anticipated motion to dismiss the Amended Complaint. (Dkt. #27). On the scheduled date of the conference, August 19, 2026, Plaintiff failed to appear. The next day, the Court issued the OTSC,

ordering Ms. McCoy to explain in writing, on or before September 21, 2026, why this case should not be dismissed for her failure to prosecute. (Dkt. #28).

After the Court issued the OTSC, the Court learned that a previously-mailed notice of the August 19, 2026 telephonic conference was returned to sender. (August 20, 2026 Minute Entry). On August 25, 2026, the Court issued an Order directing Ms. McCoy to update her address with the Clerk of Court. (Dkt. #29). The Court also ordered the Clerk of Court to send a copy of the OTSC to Ms. McCoy's prior address of record and ordered Defendants to email a copy of the OTSC to Ms. McCoy at her email address of record. (Dkt. #29). The Clerk of Court complied with that directive on August 26, 2026, and Defendants emailed the OTSC to Ms. McCoy on September 4, 2026. (August 26, 2026 Minute Entry; Dkt. #30 at 1). Defendants filed a letter on September 23, 2026, stating that Plaintiff has not yet contacted Defendants since Defendants contacted Ms. McCoy on September 7, 2026. (Dkt. #32).

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to

prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, see *U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court considering should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal. Ms. McCoy has consistently failed to comply with Court orders or prosecute this case over a period of many months. This pattern of non-compliance has persisted despite the Court's continual attempts to work with Ms. McCoy and give her an opportunity to be heard, and its explicit notice to her that her failure to prosecute and comply with Court orders would result in dismissal. (Dkt. #28, 29, 30). Despite that fact, Ms. McCoy has not communicated with the Court since June 17, 2026. (Dkt. #19). *See Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months); *Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order).

Accordingly, for the reasons explained above, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her current and previous address of record (*See* July 13, 2026 Minute Entry, August 26, 2026 Minute Entry, and September 10, 2026 Minute Entry). The

Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: September 24, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge